*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| *DAVID WATSON, et al.,* | ) | |
| | ) | |
| *Plaintiffs* | ) | |
| | ) | |
| *v.* | ) | *Docket No. 05-32-B-DMC* |
| | ) | |
| *BREWER POLICE DEPARTMENT,* | ) | |
| *et al.,* | ) | |
| | ) | |
| *Defendants* | ) | |

*MEMORANDUM DECISION ON RESPONSE TO ORDER TO SHOW CAUSE AND*
*PLAINTIFF'S MOTION TO DISMISS[1]*

This action was removed to this court from the Maine Superior Court (Penobscot County) by the defendants. Docket No. 1. The Complaint names David B. Watson Sr., Linda M. Watson, DBW, DLW and AAW as plaintiffs. Complaint (Attachment 1 to Docket No. 1) at 1. The complaint is signed by David B. Watson Sr. and Linda M. Watson. *Id*. at 13. AAW is identified in the complaint as "[t]he plaintiff's son." *Id*. at 3. DBW and DLW are not identified in the complaint. Neither AAW, DBW nor DLW signed the complaint. No attorney signed the complaint and none has entered an appearance for any of the individuals named therein as plaintiffs.

The defendants, the City of Brewer and the Brewer Police Department, have filed motions to dismiss (Docket No. 10) and for summary judgment (Docket No. 11). After reviewing the motion to dismiss and the accompanying affidavit of counsel for the defendants, I issued an order directing plaintiffs David B. Watson, Sr. and Linda M. Watson to show cause by September 13, 2005 why this

---

[1] Pursuant to 28 U. S.C. § 636(c), the parties have consented to have United States Magistrate Judge David M. Cohen conduct all (*continued on next page*)

action should not be dismissed against them with prejudice for their failure to attend their duly noticed depositions on July 21, 2005; Linda Watson's failure to respond to interrogatories and requests for production of documents propounded by the defendants; and David B. Watson, Sr.'s failure to answer fully and under oath interrogatories and to respond altogether to requests for production of documents propounded by the defendants.  Order to Show Cause (Docket No. 13) at 1.

Instead of responding to the order to show cause, David B. Watson, Sr. filed on September 14, 2005 a Motion to Dismiss Without Prejudice (Docket No. 14) signed only by him, asserting that the plaintiffs have realized that they need an attorney to pursue this matter and need time to raise the money to hire an attorney.  The defendants objected to this motion (Docket No. 15) and the time allowed for filing a reply to the objection has passed without further action by David B. Watson, Sr.

David B. Watson, Sr. and Linda M. Watson are not listed in the Maine Bar Directory and have offered no evidence that  either is an attorney admitted to practice in this court.  This court's own records do not reflect that either of them is an attorney admitted to its bar.  As non-attorneys, they may not represent each other, their minor or adult children (including son AAW) or anyone else (including the other two individuals listed as plaintiffs in the complaint, whoever they might be).  *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005); *O'Diah v. Volkswagen of Am., Inc.*, 91 Fed. Appx. 159, 160, 2004 WL 67331 (1st Cir. Jan. 14, 2004), at ** 1; *Burrell v. Anderson*, 353 F.Supp.2d 55, 73 (D. Me. 2005).  The claims stated in the complaint on behalf of AAW, DBW and DLW are accordingly dismissed without prejudice. *Johnson v. Collins*, 3 Fed.Appx. 479, 485, 2001 WL 195027 (7th Cir. Feb. 23, 2001), at **5.

Linda M. Watson's failure to respond to the order to show cause, coupled with her failure to respond to discovery requests and to appear at her deposition,  Affidavit of Edward R. Benjamin, Jr.

---

proceedings in this case, including trial, and to order the entry of judgment.

("Benjamin Aff.") (Attachment 1 to Motion to Dismiss) ¶¶ 3-5, justifies dismissal of her claims with prejudice. *Guex v. Allmerica Fin. Life Ins. & Annuity Co*., 146 F.3d 40, 42-43 (1st Cir. 1998); *see also Harmon v. Bullock*, 21 Fed.Appx. 9, 10 (1st Cir. 2001). The same is true of the claims of David B. Watson, Sr. Even if his motion to dismiss is generously construed as a response, made one day late, to the order to show cause, it makes no causal showing at all. The fact that David B. Watson, Sr., having ignored the attempts of defense counsel to take his deposition, failed to respond to a request for production of documents and responded inadequately to interrogatories, finally "realized" that he needs an attorney to pursue the claims asserted in the complaint on his behalf, does not excuse those failures. Representation by an attorney is not necessary for a *pro se* litigant to understand that a notice of deposition requires his presence at a certain place at a certain time. Defense counsel also informed David B. Watson, Sr. in writing of the deficiencies in his discovery responses. Exh. 5 to Benjamin Aff. The claims of David B. Watson, Sr. are likewise dismissed with prejudice. *See, e.g., Williams v. Frasier*, 96 Fed.Appx. 217, 218, 2004 WL 906521 (5th Cir. Apr. 28, 2004) at **1; *Alston v. Deutsch Borse, AG*, 80 Fed.Appx. 517, 518-19, 2003 WL 22535210 (7th Cir. Nov. 4, 2003), at **1-**2; *Stevenson v. Bartlo*, 8 Fed.Appx. 580, 581, 2001 WL 474764 (8th Cir. May 7, 2001), at **1.


Dated this 27th day of September, 2005.


/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge